**UNITED STATES of America**

v.

**Wayne Francis WEINSCHENK,**
**Appellant.**

**No. 17612.**

United States Court of Appeals
Third Circuit.

Argued June 12, 1969.

Decided Aug. 18, 1969.

Douglas D. Lambarth, Rose, Schmidt & Dixon, Pittsburgh, Pa., for appellant.

George E. Schumacher, Ass't. U. S. Atty., Pittsburgh, Pa., for appellee (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief).

Before STALEY, FREEDMAN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Defendant appeals from a sentence of four years imprisonment after he pleaded guilty to knowingly and wilfully failing to report for a physical examination on March 19, 1968 and knowingly refusing to submit to induction on May 20, 1968, both in violation of 50 U.S.C. App. § 462(a).

Defendant contends that he should have been permitted to offer certain documentary evidence at the sentencing hearing, and to call witnesses, which might have mitigated the extent of the sentence, and that he was deprived of the right to correct erroneous statements in the presentencing report.

The plea of guilty was entered on October 2, 1968 and at the request of defendant's counsel, sentencing was deferred until October 16, 1968. At that time, defendant called two witnesses on his behalf. He did not attempt to call any additional witnesses, nor did he indicate that he desired to present any additional information to the court either from the witnesses who were present or from anyone else. If, as defendant's brief argues, evidence in mitigation of punishment was presented at the sentencing hearing "in a brief and disjointed fashion" and and without an "integrated and marshaled presentation," it was not because of any ruling by the district judge, but because no additional evidence was offered to the court.

Defendant has appended to his brief so-called "Exhibits" which were never presented to the district judge. We need not decide, therefore, whether they would have been relevant in mitigation.

The district judge made the presentencing report available to defendant's counsel, who concurred in the judge's statement that he considered the report "favorable in all respects" to the defendant.

The record shows that defendant had full opportunity to present whatever facts he thought useful at the sentencing hearing.

The judgment will be affirmed.