**UNITED STATES, Appellee,**

**v.**

**Salvatore Ross AGRUSA, Appellant.**

**No. 75–1786.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1976.

Decided Jan. 20, 1976.

Sloan R. Wilson, Kansas City, Mo., for appellant.

Philip J. Adams, Jr., Dept. of Justice, Kansas City, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

This appeal challenges the sentence awarded Salvatore Ross Agrusa follow-

ing his conviction for violation of 18 U.S.C. § 659, possession of goods stolen from an interstate shipment. The sole issue is whether inclusion of certain matters in the presentence report constituted prejudicial error. We affirm the judgment of the district court.

■ The portion of the presentence report to which Agrusa objects alleged that he and his family were affiliated with organized crime and that certain witnesses in the trial had been threatened by the accused or his father. Agrusa denied these statements at the sentencing hearing. Since no objection to sentencing procedure was made by defense counsel during the hearing, resentencing would not be justified unless we find plain error. Fed.R.Crim.P. 52. Agrusa's counsel was provided a copy of the presentence report and was permitted the opportunity to respond.

■ We have read the transcript of Agrusa's sentencing hearing, and it is clear to us that the major factor which the district judge considered in sentencing the accused was his conclusion that Agrusa was a major "fence" for stolen goods. This finding was adequately supported by the evidence in this case and the accused's past admitted record. It does not appear that the questioned segments were relied on to any appreciable extent.[1]

Finding no prejudicial error, we affirm the judgment of conviction.

---

1. The affirmance of the conviction and sentence should not be construed as an approval of the action of counsel for the United States in sending material derogatory to Agrusa directly to the trial court and refusing to provide counsel for defendant with a copy. Judge Hunter properly refused to read or consider this material.