**UNITED STATES of America, Appellee,**

v.

**David Clarin SNEATH, Appellant.**

**No. 77–1232.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 31, 1977.

Decided June 8, 1977.

**150**

Patrick R. Doyle, Las Vegas, Nev., for appellant.

Robert G. Renner, U. S. Atty. and Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

David Clarin Sneath appeals from a sentence of eighteen months' imprisonment imposed after his guilty plea to a charge of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. (D.Minn., Judge Larson). Sneath's claims on appeal relate to the district court's reliance, in sentencing him, on allegations in his presentence report that he lied to the FBI during their investigation. He contends (1) that he denied the allegations of untruthfulness and the court failed to afford him an opportunity to rebut and explore the circumstances of the information; and (2) that even if true, lying to the FBI is an improper sentencing consideration.

According to the presentence report, Sneath admitted that statements he made to the FBI during his initial interview with them were untrue. The report was disclosed to and reviewed by Sneath's counsel prior to sentencing. At the sentencing hearing, the court alluded to Sneath's untruthfulness as follows:

> THE COURT: I agree with Mr. Kelly, [defense counsel] there aren't any previous felony convictions as far as I know. There have been many other probably more minor problems.

> One problem here, of course, was that by lying to the FBI agents you made the investigation very difficult. The FBI had to apparently go back and forth and back and forth to try to find the facts.

Subsequent to this colloquy, the court asked Sneath whether he believed that he "fully cooperated with the Federal Bureau of Investigation," and he responded affirmatively. Neither Sneath nor his attorney, however, otherwise challenged the allegations of untruthfulness, although both addressed the court prior to sentencing.[1]

■ It is doubtful that Sneath can be said to have denied the allegations of untruthfulness at his sentencing hearing. No affirmative denial was asserted, and his response to the court's inquiry as to his cooperation with the FBI, viewed in context, seems directed more to whether he was currently being truthful with the FBI than whether he had ever lied to them. If the allegations were not denied, Sneath cannot now assert that he was deprived of an opportunity to rebut them since he was made aware of them through the court's reference to them and disclosure of the presentence report, was afforded an opportunity to address the court, and was not precluded from presenting anything to the district court. *See United States v. Weinschenk*, 414 F.2d 276 (3d Cir. 1969).

Even viewing Sneath's response to the court's inquiry as a denial of the allegations of untruthfulness, the district court did not err in failing to further inquire into the veracity of the allegations. The allegations seem collateral in nature, and from a reading of the sentencing transcript, it does not appear that they were a major factor in the

---

1. The court again referred to Sneath's lying to the FBI at a later hearing on Sneath's motion for bail pending appeal.

sentence imposed. Accordingly, the court was not required to initiate a trial-type inquiry into the basis for the allegations, but only to afford Sneath an opportunity to present his side of the story. *See United States v. Needles,* 472 F.2d 652, 658 (2d Cir. 1973). This the court did.

▇▇▇ Sneath further contends that even if true, the allegations that he lied to the FBI may not properly be considered as a sentencing factor. This contention is without merit. A sentencing judge is entitled to consider a wide range of information regarding defendant's character and background in fixing sentence. *See, e. g., United States v. Tucker,* 404 U.S. 443, 446–449, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Hess v. United States,* 496 F.2d 936, 939 (8th Cir. 1974).[2] Moreover, since no objection to consideration of the information was raised at sentencing, Sneath is not entitled to relief unless the court's reliance on the information was plain error. *See United States v. Agrusa,* 528 F.2d 944, 945 (8th Cir. 1976). In view of the collateral nature of the information, any error in relying on it was not so prejudicial as to constitute plain error.

The judgment of conviction and sentence is affirmed.[3]

---

2. Sneath's contention that reliance on the allegations of untruthfulness was impermissible is predicated on cases holding that a court may not, in sentencing, take into account its belief that defendant lied at trial. *United States v. Grayson,* 550 F.2d 103, 106–107 (3d Cir. 1977); *Poteet v. Fauver,* 517 F.2d 393, 397 (3d Cir. 1975); *Scott v. United States,* 135 U.S.App.D.C. 377, 419 F.2d 264, 269 (1969). These cases, however, rest in large part on the reasoning that consideration of that factor burdens a defendant's right to testify in his own behalf; reasoning which is not wholly apposite to the situation where a defendant lies to the FBI during an investigation. Moreover, this court has held that a sentencing court may take into account its belief that defendant testified falsely at his trial. *Hess v. United States,* 496 F.2d 936, 939 (8th Cir. 1974).

3. The thrust of an affirmance in this case is that no sentencing error appears on the present record. If Sneath has additional evidence showing that the allegations of untruthfulness are false, he can present this evidence to the district court in a F.R.Cr.P. 35 motion to reduce sentence.