UNITED STATES of America, Appellee,

v.

Charles Curtis HOLY BEAR, Appellant.

No, 80–1076.

United States Court of Appeals,
Eighth Circuit.

Submitted May 19, 1980.

Decided July 11, 1980.

Ramon A. Roubideaux, Rapid City, S. D., for appellant.

Terry L. Pechota, U. S. Atty. (argued), and Raymond P. Murley, Asst. U. S. Atty., Sioux Falls, S. D., on brief, for appellee.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

A federal grand jury indicted Charles Curtis Holy Bear, an Indian, with rape of his half-sister within Indian country in South Dakota, in violation of 18 U.S.C. § 1153 (1976)[1] and 18 U.S.C. § 2031 (1976), and with incest in violation of 18 U.S.C. § 1153 (1976) and S.D. Codified Laws § 22–22–19 (1979).[2] On submission of the case, the jury found Holy Bear innocent of the charges specified in the indictment, but guilty of the lesser included offense of assault with intent to commit rape. The district court[3] sentenced Holy Bear to three years' imprisonment. Holy Bear appeals.

I. *Background.*

The Government's case rested primarily on the testimony of the victim, Ramona Holy Bear (Ramona). She testified that while accompanying Holy Bear on an automobile trip to Wakpala, South Dakota, during the early morning hours of February 3, 1979, Holy Bear stopped his vehicle on a side road, pulled Ramona down in the front seat of the car, and engaged in sexual inter-

---

1. 18 U.S.C. § 1153 (1976) provides in part:

   Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, * * * rape, * * * assault with intent to commit rape, incest, * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

   As used in this section, the offenses of burglary and incest shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

2. S.D.Codified Laws § 22–22–19 (1979) provides:

   *Incest defined—Felony.* Persons who are not legally married and who are within the degrees of consanguinity within which marriages are by the laws of this state declared void, and who have sexual intercourse with each other are guilty of incest. * * *

3. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

course with her despite her attempts to restrain him. Thereafter, according to her testimony, Holy Bear drove Ramona to his residence in Kenel, South Dakota. When they reached the residence, Ramona jumped out of the car and called for help. Ultimately, the police arrived and took Ramona to a hospital in Fort Yates, North Dakota, where she was examined by a physician. At trial, the Government corroborated Ramona's testimony by introducing evidence that semen was present in her vagina and on the crotch of her jeans.

Appellant Holy Bear denied driving Ramona onto a side road in the country and denied having or attempting sexual relations with her on the night in question.

Appellant raises the following issues on appeal:

1) Whether the evidence was insufficient to sustain the conviction;

2) Whether the court committed plain error in failing to instruct the jury on simple assault as a lesser included offense of the rape charge;

3) Whether the court committed plain error or abused its discretion in directing counsel not to offer any evidence concerning Ramona's reputation for unchastity or evidence of her specific acts of sexual intercourse with men other than the defendant; and

4) Whether the trial court erred in failing to grant a new trial based on alleged ineffective assistance of counsel.

We have examined the record in this case and determine that the appellant's contentions of error lack substantial merit.

## II. *Discussion of Issues on Appeal.*

### A. *Sufficiency of the evidence.*

Our examination of the record discloses that the testimony and other evidence in the record adequately support the jury's verdict of assault with intent to commit rape. We, therefore, reject appellant's attack on his conviction on grounds of insufficiency of the evidence.

### B. *Instruction on simple assault.*

During the trial the district court proposed an instruction on simple assault, but did not read that instruction to the jury. Appellant's trial counsel made no objections to the instructions given. A failure to object to jury instructions usually bars appellate review, *see* Fed.R.Crim.P. 30, unless the alleged defect amounts to plain error under Fed.R.Crim.P. 52(b).

We reject the appellant's contention that the failure to instruct on simple assault constitutes plain error. In *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973), the Supreme Court stated that "the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." But here the defendant denied committing an assault of any kind against Ramona. This contention, if believed by the jury, would require a not guilty verdict. The prosecution's evidence, if believed by the jury, established a serious assault. In the absence of evidence supporting a simple assault verdict, the failure of the trial court to instruct on the lesser included simple assault offense does not amount to plain error. *See United States v. Klugman*, 506 F.2d 1378, 1380–81 (8th Cir. 1978); *United States v. Thompson*, 490 F.2d 1218, 1221 (8th Cir. 1974); *Chubet v. United States*, 414 F.2d 1018, 1021–22 (8th Cir. 1969).

### C. *Admissibility of evidence concerning prosecutrix' prior sexual conduct.*

Appellant Holy Bear argues that the district court committed plain error or abused its discretion in directing appellant's trial counsel not to inquire about prior sexual acts of the prosecutrix. The record shows that the district court discussed Fed.R.Evid. 412[4] and *United States v. Kasto*, 584 F.2d 268 (8th Cir. 1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979), with appellant's attorneys. The

---

4. Fed.R.Evid. 412 is reproduced in the appendix to this opinion.

court instructed counsel that they should not inquire into past sexual behavior of the prosecutrix without first laying a proper foundation and making an offer of proof. Trial counsel made no objection to these comments. We find neither plain error nor abuse of discretion in the record.

### D. *Ineffectiveness of counsel.*

The allegation of ineffective assistance of counsel first surfaced in a motion for new trial.[5] The district court denied the new trial motion without opinion. The appellant contends that the record alone establishes that trial counsel failed to comply with the recognized standards for adequate and effective assistance of counsel.[6] For these standards see *Word v. United States,* 604 F.2d 1127, 1130 (8th Cir. 1979); *United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977); and *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974).

■ We note that the new trial motion was untimely. Fed.R.Crim.P. 33 requires that a motion for new trial on grounds other than newly discovered evidence be made within seven days after the verdict, unless the trial court grants an extension of time within these seven days. It appears from the record that over four months elapsed between the date the jury rendered its verdict and the time at which Holy Bear moved for a new trial. *See* note 5 *supra.* The district court, which gave no reason for its ruling, may well have denied the motion as untimely, without reaching the merits.

■ Although we could examine the merits of this claim by considering the motion for a new trial as a petition for relief from the conviction under 28 U.S.C. § 2255 (1976), we refrain from doing so for the following reasons: (1) it would be inappropriate for us to examine the merits of the claim if the trial court has not done so and (2) our failure to address the incompetency of counsel issue will not prejudice the appellant. Because the allegation of incompetency of counsel raises an issue of constitutional magnitude, Holy Bear may collaterally attack his conviction under 28 U.S.C. § 2255 (1976) and in such proceeding offer evidence supplementary to that in the present record. Accordingly, we reject the allegation of ineffective assistance of counsel as untimely raised, without prejudice to appellant raising that issue under section 2255.

We affirm the conviction.

### APPENDIX

Fed.R.Evid. 412:

*Rape Cases; Relevance of Victim's Past Behavior.*

(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, reputation or opinion evidence of the past sexual behavior of an alleged victim of such rape or assault is not admissible.

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—

　(1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or

　(2) admitted in accordance with subdivision (c) and is evidence of—

---

5. The appellant retained two South Dakota attorneys to represent him from the indictment on August 8, 1979, to the verdict on October 24, 1979. Ramon A. Roubideaux, an attorney at Rapid City, South Dakota, was retained to represent the appellant at sentencing and on appeal. Roubideaux also represented the appellant at a motion for new trial made on March 7, 1980.

6. Holy Bear contends that trial counsel failed to object to certain jury instructions or request other jury instructions favorable to his defense. Appellant also contends that counsel failed to fully investigate the alleged sexual assault, failed to obtain testimony of an important witness, and failed to properly research the law relating to admissibility of evidence of the victim's prior sexual conduct. *See* Fed.R.Evid. 412 and *United States v. Kasto, supra.*

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which rape or assault is alleged.

(c)(1) If the person accused of committing rape or assault with intent to commit rape intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties and on the alleged victim.

(2) The motion described in paragraph (1) shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subdivision (b), the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding subdivision (b) of rule 104, if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.

(3) If the court determines on the basis of the hearing described in paragraph (2) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

(d) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which rape or assault with intent to commit rape is alleged.