UNITED STATES of America, Appellee,

v.

**Russell Conwell MOORE, Appellant.**

No. 80–2034.

United States Court of Appeals, Eighth Circuit.

Aug. 25, 1981.

Bright, Circuit Judge, dissented and filed opinion.

---

Thomas K. Berg, U. S. Atty., Richard E. Vosepka, Asst. U. S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Russell C. Moore, pro se.

Robert C. Evenstad, Edina, Minn., for appellant.

Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

Russell Conwell Moore, *pro se*, appeals the denial of habeas corpus relief under 28 U.S.C. § 2255 (1976) and the refusal of the trial judge to recuse himself under 28 U.S.C. § 455 (1976). Moore pled guilty to and was convicted of one count of interstate transportation of stolen property, 18 U.S.C. § 2314 (1976), one count of interstate transportation of stolen securities, 18 U.S.C. § 2314 (1976), and one count of bail jumping, 18 U.S.C. § 3150 (1976).

The trial court, Judge Miles Lord presiding, sentenced Moore to the maximum time in prison allowable under the statutes, ten years for the first two violations and five years for the third, to be served consecutively, for a total of twenty-five years' imprisonment. The trial judge did not impose any fines upon Moore, although substantial fines are allowable for these violations.

On March 10, 1980, Moore filed a habeas petition and recusal motion with the trial court. Judge Lord referred the matter to Magistrate McNulty for a report and recommendation. Moore alleged that Judge Lord should have recused himself because of possible bias on the part of Judge Lord against the mining industry. Moore's father is the president of a mining company. Moore also claimed that his guilty plea was involuntary, and therefore he should be allowed to withdraw the plea or the conviction should be set aside. Finally, Moore claimed that his sentence was illegally imposed because it was too severe and based on improper considerations. On August 13, 1980, Magistrate McNulty filed his report and recommendation in a twenty-two page memorandum decision in which he concluded that Moore's petition was without merit. On September 11, 1980, Judge Lord, upon the basis of the magistrate's report and recommendation, denied all of Moore's contentions and dismissed the petition and motion.

We have carefully studied the record, including the magistrate's written memorandum decision and the arguments of Moore on this appeal. We find no merit in Moore's arguments, and accordingly affirm the denial of the habeas petition and recusal motion on the basis of Magistrate McNulty's decision, pursuant to Rule 14 of the rules of this court.

■ We do address briefly, however, Moore's allegation that the district court imposed a severe sentence upon him because of his possible involvement in the disappearance of the victim of the securities theft. First, we note that "[u]nder very limited circumstances, a prisoner may utilize 28 U.S.C. § 2255 to attack a sentence apparently legal on its face." *Kortness v. United States*, 514 F.2d 167, 170 (8th Cir. 1975). Second, the duration of imprisonment imposed by the trial court may not be attacked in a section 2255 proceeding for its severity if the sentence is within statutory limits. *Putt v. United States*, 363 F.2d 369, 370 (5th Cir.), *cert. denied*, 385 U.S. 962, 87 S.Ct. 403, 17 L.Ed.2d 307 (1966); *see Houser v. United States*, 508 F.2d 509, 516 & n.52 (8th Cir. 1974).

■ The only contention that Moore may properly raise on appeal with regard to the length of his sentence is one alleging that the trial court relied upon improper factors in sentencing him. Moore, however, has not shown that facts in the record demonstrate that Judge Lord considered the dis-

appearance of the securities theft victim in his sentencing. *See Cochran v. United States*, 567 F.2d 1288, 1289 (5th Cir. 1978). Magistrate McNulty specifically found that Judge Lord would not have been justified in considering the victim's disappearance. Magistrate's Memorandum Decision and Recommendation at 20. Judge Lord, on the basis of the Magistrate's report, denied Moore's petition. The circumstances of Moore's criminal charges, including the bail jumping, are aggravated and substantial. We cannot say on this record that Judge Lord abused his discretion in rendering maximum sentences. Accordingly, we affirm the judgment of the district court.

BRIGHT, Circuit Judge, dissenting.

The trial judge in this case sentenced Moore to the maximum prison sentence of twenty-five years—ten years for interstate transportation of stolen property; ten years consecutively for interstate transportation of stolen securities; and five years consecutively for bail jumping. The sentencing judge gave no explanation for imposing this heavy sentence upon a fifty-four-year-old man with no prior criminal record.

At the time of sentencing, authorities considered Moore the principal suspect in the disappearance of Ms. Florence Hector, an elderly, retired schoolteacher from whom Moore had embezzled about $60,000. Moore now contends that the sentencing judge unconstitutionally enhanced the sentence by considering Moore responsible for Ms. Hector's disappearance and possible murder. As evidence, he cites to the plea proceeding in which the court discussed Moore's possible conviction for Ms. Hector's murder.

Q. [THE COURT] You are exposed now to 25 years?

A. [MOORE] That's correct.

Q. And about $25,000 in fines?

A. I am, Your Honor, I understand that, too. (Nods head affirmatively).

Q. And still under investigation involving the disappearance of this lady?

A. That's correct.

THE COURT: Well, in Minnesota, First Degree Murder, you are eligible for parole in 17 years—17-and-a-half, isn't it, Mr. Nemerov [defense counsel]?

MR. NEMEROV: I think so, Your Honor; I am not sure.

THE COURT: If I give you these things running like boxcars, you will spend more time than that in jail, if I give you the full treatment.

A. I am aware that you could, Your Honor.

THE COURT: All right. Well, the pleas may be entered to all three of the charges, and the matter will be referred to the probation officer for presentence investigation.

The magistrate, in considering Moore's section 2255 petition, rejected Moore's claims as not supported by the record. The magistrate recognized, however, that

[i]t would have been an abuse of discretion, and more significantly, a violation of the due process of law clause for the Court to enhance the sentences on what could have been no more than a possibility.

The magistrate also commented that

[t]he [trial] Court did not make a statement setting forth the factors upon which it relied when it imposed the sentences, and such disclosure is not required. It may be advisable to include such explanation in a case where the defendant receives multiple maximum sentences imposed consecutively.

Based upon the magistrate's decision and recommendation, the sentencing judge thereafter denied the petition without comment.

I believe that Moore's sentence requires some explanation. The heavy sentence imposed here seems inexplicable unless the court considered the possibility of Moore's involvement in Ms. Hector's disappearance. Although a trial judge need not explain the reasons for a sentence, I believe that if the petitioner raises a constitutional challenge to the sentence and that challenge comes before the sentencing judge, fairness requires that the judge give a rational explanation for the sentencing decision or else set it aside. *See generally United States v.*

*Bazzano,* 570 F.2d 1120, 1130–38 (3d Cir. 1977) (Judge Adams, concurring).

Accordingly, I would remand this case to the district judge who served as the sentencing judge for an explanation of his reasons for imposing maximum consecutive sentences on Moore.