UNITED STATES of America, Appellee,

v.

Tyrone Jerome KELLY, Appellant.

No. 82–1074.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 26, 1982.

Decided Sept. 2, 1982.

James M. Rosenbaum, U. S. Atty., Janice M. Symchych, Asst. U. S. Atty., D. Minnesota, Minneapolis, Minn., Tammy Pust-Norton, Legal Intern, for appellee.

Before HENLEY, Senior Circuit Judge, and HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Tyrone Jerome Kelly appeals from the district court's[1] denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On appeal, Kelly argues that the district court erred in denying his section 2255 motion without ruling on his affidavit of prejudice, and in denying him relief under section 2255. After considering Kelly's several allegations of error, we now affirm the order of the district court.

## I.  *Background.*

In 1976, a jury convicted Tyrone Jerome Kelly, along with four others, of armed

---

1. The Honorable Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota.

robbery, in violation of 18 U.S.C. § 2 and § 2113(a), (d) (count I), and conspiracy to commit armed robbery, in violation of 18 U.S.C. § 371 and § 2113(a), (d) (count II). The district court sentenced Kelly to fifteen years on count I and two years on count II, to run consecutively.[2] This court affirmed Kelly's conviction. *United States v. Kelly*, 551 F.2d 760 (8th Cir.), *cert. denied*, 433 U.S. 912, 97 S.Ct. 2981, 53 L.Ed.2d 1097 (1977).

In August of 1981, Kelly filed a motion under 28 U.S.C. § 2255 with the sentencing court, seeking to have his sentence vacated on grounds that (1) his court-appointed attorney failed to provide him with effective assistance of counsel, both at trial and on appeal; (2) the trial court erred in sentencing him pursuant to a conviction based on a defective indictment; (3) the trial court improperly sentenced him simultaneously under two subsections of the Federal Bank Robbery Act; and (4) the trial court relied on erroneous information in the presentence investigative report in imposing sentence. Kelly requested that the court appoint counsel to represent him in his section 2255 motion, and submitted an affidavit of prejudice, asking to have his motion to vacate sentence heard by a judge other than the sentencing judge.

Without responding directly to the affidavit of prejudice, the district court denied Kelly's request for appointed counsel, and held that the allegations in Kelly's section 2255 motion lacked merit. Kelly now appeals from the district court's adverse rulings on each of the grounds asserted in his petition, and objects to the district court's failure to rule on his affidavit of prejudice. We consider his arguments in turn.

## II. *Discussion.*

### A. *Ineffective Assistance of Counsel.*

Kelly maintains that his court-appointed attorney failed to provide him with effec-

tive assistance of counsel by failing to object to the allegedly defective indictment; failing to object adequately to the court's charge to the jury; failing to object to an alleged conflict of interest between the attorney for one of his codefendants and a Government witness; failing to attack the illegal sentence he received; and failing to raise any of the above issues on appeal.

We use a two-step process to evaluate the claim of ineffective assistance of counsel. *See Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978); *Rinehart v. Brewer*, 561 F.2d 126 (8th Cir. 1977). First, the petitioner must show that his attorney did not exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *United States v. Easter*, 539 F.2d 663 (8th Cir. 1976). If the petitioner shows that his attorney's representation failed to satisfy this standard, the court determines whether the defendant suffered material prejudice in the defense of his case as a result of his attorney's actions or inactions. *Morrow v. Parratt, supra,* 574 F.2d at 413; *Rinehart v. Brewer, supra,* 561 F.2d at 131. Accordingly, we first consider whether Kelly has demonstrated that his trial counsel failed to exercise the customary skills and diligence of a reasonably competent attorney.

Kelly contends that his attorney should have objected to the indictment as defective. The district court held that the superseding indictment was not defective merely because it was not based on any additional evidence than that which supported the initial indictment. *United States v. Cooper*, 464 F.2d 648 (10th Cir. 1972), *cert. denied*, 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed. 688 (1973). The court also rejected Kelly's claim that the indictment charged separate crimes together in a single count. Although both counts refer to subsections (a) and (d) of 18 U.S.C. § 2113, each count charges only one offense. The inclusion of subsection (d)[3] indicates aggravating circumstances, not a separate of-

---

**2.** The district court imposed this sentence to run consecutively to a sentence for an unrelated crime previously imposed by the United States District Court for the Western District of Missouri.

**3.** 18 U.S.C. § 2113(d) provides:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any

fense. *See Gerberding v. United States,* 471 F.2d 55 (8th Cir. 1973) (when statute specifies two or more ways of committing one offense, indictment may conjunctively allege all in one count). Thus, the district court properly determined that Kelly's complaint of his attorney's failure to object to the indictment lacked merit.

■ Kelly next alleges that his attorney should have objected to a conflict of interest between a codefendant and a government witness. We agree with the district court that this contention is baseless, because the codefendant's attorney had advised the court of the potential conflict. Kelly's attorney had no obligation to raise the matter separately.

■ Kelly also alleges that his attorney did not adequately object to the district court's charge to the jury. When the court erroneously stated that Kelly was charged with certain overt acts that the Government did not, in fact, allege, Kelly's attorney objected. The court then reinstructed the jury, specifically noting the previous mistake. Because Kelly's attorney had no further ground on which to object after the court gave its curative instruction, we agree with the district court that this contention lends no support to Kelly's claim of ineffective assistance of counsel.

■ Kelly maintains that his attorney should have objected when he received one general sentence for violating two subsections of 18 U.S.C. § 2113. As indicated above, Kelly was convicted of only one offense on each count, although each count of the indictment cited both subsections (a) and (d) of 18 U.S.C. § 2113. *See Gerberding v. United States, supra.* We therefore agree with the district court that one general sentence for violating both subsections is appropriate. *See Johnson v. United States,* 495 F.2d 652, 653 (8th Cir. 1974).

As a final ground for his claim of ineffective assistance of counsel, Kelly argues that his attorney should have raised the aforementioned issues on appeal. Having concluded that these claims lack merit, we

agree with the district court that Kelly's counsel, acting as a reasonably competent attorney, had no duty to raise these issues on appeal.

Because we agree with the district court's conclusion that none of Kelly's allegations show that his attorney failed to exercise the customary skills and diligence of a reasonably competent attorney, we do not consider whether he suffered material prejudice as a result of any such failure. The district court properly concluded that Kelly had not been denied effective assistance of counsel.

B. *Defective Indictment; Illegal Sentence.*

■ Kelly contends that the district court erred in sentencing him pursuant to a defective indictment and that he received an unlawful sentence. In reviewing the district court's ruling on Kelly's claim of ineffective assistance of counsel, we concluded that the district court properly determined that these claims lacked merit. Accordingly, we also affirm the district court's ruling that these claims provide no independent support for his section 2255 motion.

C. *Presentence Report.*

Kelly contends that the district court relied on inaccurate information in the presentence report in imposing sentence. The presentence report erroneously indicated that Kelly had been convicted of various crimes, when in fact, authorities had only questioned Kelly about the incidents and later released him. The report also inaccurately described a prior state sentence that Kelly had not completed serving at the time of his trial in the instant case.

In considering Kelly's claim of ineffective assistance of counsel, we noted that Kelly's attorney advised the court at the sentencing hearing of the inaccuracies in describing incidents of questioning as convictions. Prior to sentencing, and again in denying Kelly's section 2255 motion, the court stated

person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000

or imprisoned not more than twenty-five years, or both. [18 U.S.C. § 2113(d) (1976).]

expressly that it did not consider this erroneous information. We therefore conclude that the district court properly held that this allegation lacked merit. *See Post v. United States*, 500 F.2d 582 (8th Cir. 1974).

■■ Kelly's attorney did not advise the court of the inaccurate description of his earlier state sentence until after the court imposed sentence. Prior to sentencing, however, Kelly had reviewed the presentence report, but did not advise the court of this error. Kelly answered in the negative when asked if he had anything to say before the court imposed sentence. Moreover, Kelly has not shown that the misinformation was material to the sentence the district court imposed.[4] When the sentencing court has afforded the defendant full opportunity to point out any factual errors in the presentence report, and he fails to do so, the court does not deny the defendant due process in imposing sentence. *See United States v. Sneath*, 557 F.2d 149 (8th Cir. 1977); *Hess v. United States*, 496 F.2d 936 (8th Cir. 1974); *United States v. Mims*, 440 F.2d 643 (8th Cir. 1971).

### D.  *Affidavit of Prejudice.*

■ After filing his section 2255 motion in the district court, Kelly submitted an affidavit of prejudice requesting that a judge other than the sentencing judge rule on his motion. Kelly asserted that the sentencing judge had made mocking and prejudicial comments regarding Kelly at the sentencing hearing. Shortly thereafter, a law clerk advised Kelly by letter that a section 2255 motion is made to the sentencing judge,[5] and therefore his motion was properly filed. The district court, however, never ruled directly on Kelly's affidavit of prej-

udice, and made no mention of it in denying his motion to vacate sentence.

We agree with Kelly's contention that the district court should have acted directly on his affidavit of bias, either by disqualifying himself or stating explicitly his refusal to do so. Having reviewed the record of the sentencing hearing in this case, however, we find no comments by the sentencing judge indicative of bias or prejudice toward Kelly. As a result, we conclude that the district court's failure to rule directly on the affidavit constituted harmless error.

### III.  *Conclusion.*

After carefully reviewing the ruling of the district court, and Kelly's assertions of error, we are satisfied that the district court properly denied Kelly's motion to vacate sentence. Accordingly, we affirm the order of the district court.

---

4. The presentence report indicated that the Kansas state sentence Kelly was serving at the time he was removed to the District of Minnesota to stand trial had been amended from a term of five years to life to a term of two years' probation to the federal detainer. In fact, the state sentencing judge had refused to amend Kelly's sentence, thus allowing the term of five years to life to stand.

5. Section 2255 provides in pertinent part:
   A prisoner in custody under sentence of a court established by Act of Congress claim-

ing the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move *the court which imposed the sentence* to vacate, set aside or correct the sentence. [28 U.S.C. § 2255 (1976) (emphasis added).]

*See also* Rule 4(a), Rules Governing Proceedings Under 28 U.S.C. § 2255.