UNITED STATES of America, Appellee,

v.

Lester BROWN, Appellant.

No. 82–2462.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1983.

Decided Aug. 10, 1983.

Sidney C. Flores, Flores, Cervantes & Luna, San Jose, Cal., for appellant.

Philip N. Hogen, U.S. Atty., Dist. S.D., Reed Rasmussen, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Lester Brown pled guilty to a charge of assault resulting in serious bodily injury within Indian country, in violation of 18 U.S.C. §§ 113(f) & 1153 (1976). The district court sentenced him to seven years imprisonment. Brown appeals, and we affirm.

Brown first contends that we should reverse his conviction, or remand for resentencing, because of the ineffective assistance of his court-appointed counsel, both at the guilty plea and sentencing hearings before the district court. Brown failed to

raise this contention below, however, either by way of a motion to withdraw his plea under Fed.R.Crim.P. 32(d),[1] or a motion to vacate his sentence under 28 U.S.C. § 2255 (1976). Thus, we have no record on which to review this claim, save the brief transcripts of his plea and sentencing hearings. Under these circumstances, we decline to reach the merits of this contention. *See United States v. Holy Bear,* 624 F.2d 853, 856 (8th Cir.1980); *United States v. Briscoe,* 574 F.2d 406, 409 n. 2 (8th Cir.), *cert. denied,* 439 U.S. 858, 99 S.Ct. 173, 58 L.Ed.2d 165 (1978) (per curiam). *Cf. United States v. Sheehy,* 670 F.2d 798, 799–800 (8th Cir.1982) (per curiam); *United States v. Swinehart,* 617 F.2d 336, 340–341 (3d Cir.1980) (per curiam). Our resolution of this matter is without prejudice to Brown's right to collaterally attack his conviction and sentence. *See United States v. Holy Bear, supra,* 624 F.2d at 856.

■ Brown's brief and oral argument on appeal can also be interpreted as stating that his guilty plea was made involuntarily on the poor advice of his trial counsel. We find no merit to this contention. The district court made specific inquiries into the reasons for Brown's guilty plea which detailed the rights Brown waived by entering such a plea, *see* Fed.R.Crim.P. 11(c) & (d), and his responses clearly indicated that his guilty plea was made voluntarily. His conclusory allegations on this appeal that the guilty plea was not voluntary and intelligent are insufficient to rebut his assertions of voluntariness made before and accepted by the district court. *See United States v. Unger,* 635 F.2d 688, 691–692 (8th Cir.1980) (per curiam).

Brown's final, and most troublesome, contention is that the district court based its sentence upon evidence not in the presentence evaluations nor sufficiently developed at the sentencing hearings. Specifically, he alleges that the court made mention of evidence that Brown had physically abused his wife and that he had been charged with assaultive conduct toward others in the past. Brown asserts that the court's reference to these facts denied him the right to a fair sentencing procedure, in violation of the due process clause of the fifth amendment to the United States Constitution. We disagree.

The district court conducted two sentencing hearings after Brown entered his guilty plea. On May 3, 1982, the court conducted a hearing based on a presentence report about Brown. During that hearing, the court made reference to an "indication" that Brown had physically abused his wife on prior occasions. A spectator in the courtroom began to speak to the court at that point, and Brown's counsel identified the individual as the defendant's aunt. The court granted a short recess to allow Brown's counsel to confer with Brown and his family. After the recess, Brown's attorney declined to add anything in the way of testimony or specific argument to rebut the evidence of wife abuse earlier mentioned by the court. A short time later, the court inquired about some "assault charges" which had not been pursued because witnesses had refused to testify against Brown. Brown denied the existence of any such charges. His counsel further noted that no evidence of other assaultive conduct by Brown appeared in the presentence report. The court replied that Brown's local record in Pine Ridge, South Dakota, might refer to the other assaults. The court then committed Brown to the custody of the Attorney General for further study prior to final sentencing under 18 U.S.C. §§ 4205(c) & (d) (1976).

Following the custodial study, the court conducted a final sentencing hearing on August 3, 1982. At that hearing, Brown's attorney admitted to reviewing the study and stated that the facts reflected therein

1. The Supreme Court recently adopted a proposed amendment to Fed.R.Crim.P. 32(d) which will require a motion to withdraw a guilty plea to be filed prior to final sentencing. Under the amendment, a defendant may seek to have a guilty plea set aside after final sentencing only "on direct appeal or by motion under 28 U.S.C. § 2255." Amendments to the Federal Rules of Criminal Procedure, Fed.R.Crim.P. 32(d), 51 U.S.L.W. 4507, 4510 (U.S. May 3, 1983) (amendments to take effect on August 1, 1983).

did not merit comment beyond what had been said at the May 3 proceeding. The court then set Brown's final sentence at seven years imprisonment, including time served during the custodial study. Brown contends that these sentencing proceedings did not afford him the process due under the federal Constitution.

Recent amendments to the Federal Rules of Criminal Procedure recognize the importance of the facts revealed at the sentencing stage of the criminal justice process.[2] Under amended Rule 32(c)(3)(D), if the defendant or counsel allege any factual inaccuracy in the presentence report or custodial study, "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Amendments to the Federal Rules of Criminal Procedure, Fed.R.Crim.P. 32(c)(3)(D), 51 U.S.L.W. 4507, 4509–4510 (U.S. May 3, 1983) (amendments to take effect on August 1, 1983). While this rule defines the procedure which will govern the handling of facts revealed in presentence reports and custodial studies in most federal cases, we must decide Brown's case in the context of the fairness required by the due process clause as interpreted in existing case law.

■ If a court bases its sentencing decision "at least in part upon misinformation of constitutional magnitude," due process requires reconsideration of that decision in light of accurate information about the defendant. *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972). *Accord United States v. Woody,* 567 F.2d 1353, 1361 (5th Cir.), *cert. denied,* 436 U.S. 908, 98 S.Ct. 2241, 56 L.Ed.2d 406 (1978). Reconsideration is not constitutionally mandated, however, where the defendant is given a full and fair opportunity to reveal inaccuracies in the information relied

upon by the sentencing court and fails to do so. *United States v. Kelly,* 687 F.2d 1217, 1221 (8th Cir.1982) (per curiam); *Hess v. United States,* 496 F.2d 936, 940 (8th Cir. 1974). In addition, due process affords the defendant no right to rebut evidence not relied upon in the sentencing process. *United States v. Kelly, supra,* 687 F.2d at 1220–1221. *Accord United States v. Moore,* 656 F.2d 378, 379–380 (8th Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 176 (1982) (per curiam).

■ On the record before us, we are convinced that the district court afforded Brown a fair sentencing procedure which met the requirements of due process. As to the evidence of alleged wife abuse, which appeared both in the presentence report and custodial study, the court granted a recess during the initial sentencing hearing in order for Brown's attorney to confer with his client and Brown's family. The attorney then stated that no rebuttal evidence would be presented on the matter. In the face of Brown's failure to refute the evidence of wife abuse, the court did not deprive him of any constitutional rights in relying on that evidence during sentencing. *See United States v. Kelly, supra,* 687 F.2d at 1221.

As to the evidence of other specific assault charges, we agree that neither the presentence report nor the custodial study contains such evidence. Brown and his attorney, however, pointed out the absence of such evidence during the May 3 hearing. Neither requested further information regarding the factual basis for the court's statement on the matter. The court then stated that it could not make a final sentencing decision at that time because of uncertainty about Brown's psychological and alcohol problems. The court committed Brown for a section 4205(d) study into these problems. Only after that study and a second hearing on August 3, 1982, did the court impose sentence. No mention of oth-

---

**2.** Information compiled prior to a criminal defendant's sentencing not only affects the length of the sentence, but might also determine the defendant's place of incarceration, chances for parole, and relationships with social service and correctional agencies after release from

prison. Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts,* 93 Harv.L.Rev. 1615, 1627–1628 (1980). *See also* 3 Wright, Federal Practice and Procedure: Criminal 2d § 522 (1982).

er assault charges was made at the August 3 hearing.

This sequence of events indicates that the court did not rely on its statement regarding specific assault charges in sentencing Brown, and therefore Brown had no due process right to present evidence to disprove such charges. *See United States v. Moore, supra,* 656 F.2d at 379–380; *United States v. Agrusa,* 528 F.2d 944, 945 (8th Cir.1976) (per curiam); *United States v. Pugh,* 509 F.2d 766, 769 (8th Cir.1975). Furthermore, even if Brown had such a right, the court gave him every opportunity to present whatever evidence he wished to rebut the existence of the charges alluded to by the court during the first sentencing hearing. This procedure afforded him the fairness required by the due process clause. *See United States v. Sneath,* 557 F.2d 149, 150–151 (8th Cir.1977) (per curiam).

We find no error below. The district court made specific inquiries to ensure that Brown's guilty plea was made voluntarily and intelligently. It also gave Brown and his counsel several opportunities to respond to the facts considered in arriving at its sentence. Therefore, we affirm the district court's conviction and sentence.