780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
DOUGLAS J. WAIKEM, Defendant-Appellant.
 85-3278
 United States Court of Appeals, Sixth Circuit.
 11/13/85
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Douglas J. Waikem appeals the denial of his motion to vacate sentence on two counts of distributing cocaine. He also contests the denial of his request for an evidentiary hearing under Rule 35 of the Federal Rules of Criminal Procedure.
 
 
 2
 At the time of Waikem's sentencing hearing, an agreement had been reached under Rule 11, Fed. R. Crim. P., limiting Waikem's fine to $10,000 but including no provision for time to be served. All agreed to argue their respective positions to the court. Waikem claims that the United States Attorney's argument at the hearing was based on inaccurate information that was not made available to the defense before the hearing. The government contends that its arguments were a proper response to Waikem's position, that both parties presented their respective cases to the court, and that many of the disputed revelations were not discoverable under Rule 16, Fed. R. Crim. P. The district court agreed. We affirm.
 
 
 3
 Waikem's right to have his sentence based on accurate information is beyond dispute. Townsend v. Burke, 334 U.S. 736, 741 (1948). ('[T]he careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide . . . renders the proceedings lacking in due process.') See also United States v. Tucker, 404 U.S. 443, 447 (1972). Testing the accuracy of this information is included in the trial judge's broad discretionary power. See, e.g., United States v. Rosner, 485 F.2d 1213, 1230 (2d Cir. 1973), cert. denied, 417 U.S. 950 (1974).
 
 
 4
 Here, Waikem objects to the reliability and truthfulness of information contained in the government's sentencing argument. Specifically, Waikem disputes several statements made by the prosecution implying that Waikem was involved in large-scale drug transactions involving marijuana as well as cocaine. He also objects to the government's introduction of evidence concerning a sale by Waikem of 'counterfeit' cocaine as unsupported by the evidence gathered during six months of discovery. The government argues that this evidence was a proper response to Waikem's contention that he sold cocaine solely to support his own addiction, and was therefore a 'user' rather than a 'dealer.' In another response to this assertion, the government made a one-sentence reference to a conversation with an undercover detective indicating that Waikem was not using cocaine but was acting as a dealer. The government acknowledges that this conversation was not recorded in the more than 74 tapes of the investigation, but maintains that because Waikem was not aware of the detective's identity as a government agent, the conversation was not discoverable under Rule 16.
 
 
 5
 Several circuits have held that a defendant claiming his due process rights have been violated by the sentencing court's reliance on false information must establish that the challenged evidence is materially false or unreliable, and that it actually served as the basis for the sentence. United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984), cert. denied sub nom. ---- U.S. ----, 105 S.Ct. 2334 (1985); United States v. Roper, 716 F.2d 611, 614-15 (4th Cir. 1983); United States v. Brown, 715 F.2d 387, 389-90 (8th Cir. 1983); United States v. Lane, 738 F.2d 863, 865 (7th Cir. 1984). While we decline to establish any rigid test for application in future cases, the analytic structure of the cases cited above provides useful guidance here.
 
 
 6
 In this case, after hearing arguments by both attorneys, the district court did not consider it necessary to make further inquiry into the reliability of the United States' information. Defense counsel argued his objections forcefully. Further, no showing has been made that the statements in dispute were relied upon by the sentencing court. In fact, the record indicates that the sentences (of six and three years, to be served consecutively) were based upon the pre-sentence report, which Waikem accepted as reliable.
 
 
 7
 The determination of the reliability of information presented at the sentencing hearing is well within the discretionary powers of the trial judge. See, e.g., United States v. Rosner, 485 F.2d 1213, 1230 (2d Cir. 1973), cert. denied, 417 U.S. 950 (1974). The Supreme Court has repeatedly held that a sentencing authority is to be 'permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed.' Wasman v. United States, ---- U.S. ----, 104 S.Ct. 3217, 82 L.Ed.2d 424, 430 (1984). See also United States v. Baylin, 696 F.2d 1030, 1039 (3d Cir. 1982). Thus the foundation for consideration of information in a sentencing hearing which would be inadmissible to establish guilt is certainly established.
 
 
 8
 Waikem's citation of United States v. Latimer, 415 F.2d 1288, 1290 (6th Cir. 1969), is not persuasive. In Latimer, the United States Attorney specifially referred to material evidence, advanced for the first time at the sentencing hearing, which was the basis for the sentence. In this case, there was no trial and the defense vigorously voiced their objections during the sentencing hearing. The government's comments in the instant case were in most instances supported by the record or available witnesses, and in any event had no unique importance to the case in light of the extensive discovery and detailed pre-sentence report. Orner v. United States, 578 F.2d 1276 (8th Cir. 1978). Moreover, nothing in the record indicates that the court below relied on anything beyond the pre-sentence report, the accuracy of which Waikem does not contest. Compare Collins v. Buckhoe, 493 F.2d 343 (6th Cir. 1974) (record showed sentencing authority relied on improper evidence in imposing sentence).
 
 
 9
 Waikem argues that allowing such statements by prosecutors jeopardizes the plea-bargaining process by allowing a one-sided presentation at sentencing. We disagree. The trial court remains the initial arbitrer of the reliability of information presented in the sentencing hearing. The lower court in this case did not abuse its discretion by refusing to grant an evidentiary hearing regarding the issues in dispute. We affirm.