**UNITED STATES of America, Appellee,**

v.

**Roland FAHNBULLEH, Appellant.**

**No. 85–2421.**

United States Court of Appeals, Eighth Circuit.

Submitted May 5, 1986.

Decided July 22, 1986.

---

Roland B. Fahnbulleh, El Reno, Okl., for appellant.

Brent Bumpers, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, ARNOLD and MAGILL, Circuit Judges.

PER CURIAM.

Roland B. Fahnbulleh appeals *pro se* from an order of the district court[1] denying his motion for correction or reduction of his sentence pursuant to Fed.R.Crim.P. 35. Fahnbulleh contends that the presentence investigation report contained erroneous information upon which the district court relied in imposing sentence. We affirm.

Fahnbulleh alleges that the presentence report contained a probation officer's estimate that he would be required to serve 24 to 36 months under Parole Commission Guidelines before becoming eligible for parole. In fact, because he was sentenced under 18 U.S.C. § 4205(a), Fahnbulleh must serve a minimum of 40 months (i.e., one-third of his ten-year sentence). Fahnbulleh contends that inclusion of this erroneous information in the presentence report renders his sentence illegal and establishes his right to be resentenced.

It is well settled, however, that a defendant has no right to be resentenced if the sentencing judge expressly states that she did not rely upon the challenged information in sentencing. *See, e.g., United States v. Kelly,* 687 F.2d 1217, 1220–21 (8th Cir.1982) (per curiam); *Peterson v. United States,* 493 F.2d 478, 480 (8th Cir.1974) (per curiam). The order denying Fahnbulleh's Rule 35 motion contained a statement by the sentencing judge to that effect. Therefore, Fahnbulleh's sentence was not affected by the erroneous parole eligibility estimate and he has no right to be resentenced on that ground.

Fahnbulleh also claims that the presentence report contained erroneous information indicating that he owned substantial

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas, Western Division.

assets abroad and that, in reliance upon that information, the sentencing judge imposed a $20,000 committed fine in addition to his prison sentence. Fahnbulleh contends that he owns no such assets; that he is not financially able to pay the fine; and that, as a result of the fine and an Immigration and Naturalization Service (INS) detainer, he has been denied custody reductions in his present incarceration to which he would otherwise be entitled. Fahnbulleh's argument is undermined, however, by his admission that he reviewed the presentence report with his attorney prior to sentencing, but did not advise the court of this or any other error.

■ "When the sentencing court has afforded the defendant full opportunity to point out any factual errors in the presentence report, and he fails to do so, the court does not deny the defendant due process in imposing sentence." *Kelly*, 687 F.2d at 1221 (citations omitted). *Kelly* is determinative of Fahnbulleh's claim. In his appeal briefs, Fahnbulleh does contend that he was denied a "full opportunity" to review the presentence report (i.e., he alleges that he scanned only a portion of the report a few minutes prior to sentencing), and that counsel was ineffective (i.e., that his attorney dismissed the errors he did point out, saying they would not make a difference). However, these contentions are not properly before this court because Fahnbulleh failed to raise them below.

Accordingly, the order of the district court is affirmed.