UNITED STATES of America, Appellee,

v.

Michael PREGLER, Appellant.

No. 90–2228.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1991.
Decided Feb. 14, 1991.

James H. Reynolds, Dubuque, Iowa, for appellant.

Judith A. Whetstine, Cedar Rapids, Iowa, for appellee.

Before LAY, Chief Judge, and MAGILL and LOKEN, Circuit Judges.

LAY, Chief Judge.

Michael Pregler pleaded guilty to conspiracy to distribute cocaine and received a sentence of 121 months. On appeal he contends that (1) he had inadequate counsel prior to signing the plea agreement, (2) the

prosecutor violated the plea agreement by using information gathered after the agreement was signed to increase the cocaine quantity, (3) a government agent induced him to commit an act after the effective date of the Sentencing Guidelines resulting in a sentence enhancement, and (4) the court's application of the Guidelines violates the due process and ex post facto clauses of the United States Constitution. We affirm his conviction and sentence.

## BACKGROUND

On August 4, 1988, Pregler signed a plea agreement providing that he would plead guilty to cocaine, marijuana, and perjury charges and that he would cooperate with the government in prosecuting others. He was charged on November 7, 1989, with conspiracy to distribute cocaine, intent to distribute twelve and one half pounds of cocaine, and perjury. After discussion between the counsel, an amended Information was filed against Pregler on July 5, 1990, decreasing the amount of cocaine to nine pounds. He pleaded guilty and under the Guidelines was sentenced to 121 months in prison, five years of supervised release, $300 restitution, and a $50 special assessment on the cocaine charge. On the non-Guidelines perjury charge, he received a consecutive thirty month sentence and a $50 special assessment. At the sentencing hearing, Pregler stated that he understood the charges and the maximum punishment he could receive. He also stated that no promises had been made to him regarding the length of his sentence and that he was satisfied with his attorney representation.

The evidence against Pregler included involvement in drug transactions from 1985 to 1988, including sales to a government undercover agent. Before the sentencing, Pregler's attorney stated that his objections to the presentence report had been resolved but he questioned applying the Guidelines to conduct occurring prior to the effective date of the Guidelines. The conduct occurring after the Guidelines concerned the sale of cocaine to James Wand, a professional stage hypnotist, who was a cooperating government witness.

## DISCUSSION

Pregler contends that he received inadequate legal advice before signing the plea agreement. He asserts that he was not informed at the plea signing of the possible sentence he could receive by pleading guilty. "A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution." *Mabry v. Johnson,* 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984). No error occurred here merely because Pregler did not have counsel when he entered into the plea agreement. Pregler does not provide any support for his argument that his base level should have been calculated using only the information the government had before the plea agreement. Pregler does not demonstrate in the record where the court relied on information obtained after the plea agreement or where the government violates the agreement. In fact, the plea agreement expressly allowed the use of information obtained from debriefing Pregler.

Pregler's guilty plea was knowing and voluntary considering the totality of the circumstances. His statements at the sentencing demonstrate that his plea was knowing and voluntary and did not cause the court to question the voluntariness of the plea agreement. *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Brown,* 715 F.2d 387, 388–89 (8th Cir.1983).

Pregler argues that applying the Guidelines to him violated due process and the ex post facto clause because the court should not have applied the Guidelines in sentencing him. Pregler's sentence does not violate the ex post facto clause or due process. A conspiracy is an ongoing act and the Guidelines apply to one begun before the effective date of the Guidelines and continuing after the effective date of the Guidelines. *United States v. Lee,* 886 F.2d 998, 1003 (8th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 748, 107 L.Ed.2d

765 (1990). The ex post facto clause does not apply in these circumstances because conduct that is part of a continuing course of conduct is included in the base offense level calculated under the Guidelines. *United States v. Allen*, 886 F.2d 143, 145–46 (8th Cir.1989). Pregler argues that Wand persuaded him, through Wand's skills as a hypnotist, to sell Wand some cocaine in 1988, thereby allowing the Guidelines to apply to his sentence. Pregler's due process rights were not violated by using Wand as a government informant. Wand was a friend of Pregler's and Pregler testified at his sentencing that once he was presented with an opportunity to sell cocaine, he went along with it. He did not raise an entrapment defense or allege that Wand influenced him unduly to sell cocaine.

## CONCLUSION

We find no merit in any of Pregler's claims. The district court inquired into the voluntariness of his plea and the court sentenced him at the low end of the range because of Pregler's cooperation. Because we find the district court made no prejudicial errors regarding Pregler's plea and sentencing, we affirm his conviction and sentence.

Judgment affirmed.