# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2607

_____

United States of America,  *
   *
      Appellee,  *
   *   Appeal from the United States
    v.  *   District Court for the
   *   District of Minnesota.
Dennis J. Bennett, also known as  *
Jerry Dennis Andrews,  *   [UNPUBLISHED]
   *
      Appellant.  *

_____

Submitted: September 7, 2006
Filed: September 20, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Dennis J. Bennett challenges the district court's[1] denials of (1) his motion for reconsideration of his motion for a new trial, and (2) his motion for a hearing on his claims of ineffective assistance of counsel.

Upon review, we conclude that the district court did not abuse its discretion in denying Bennett's motion for reconsideration of his new-trial motion because the

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

court correctly determined that Bennett would not have been entitled to relief on his new-trial motion, even if it had been timely filed, as it was based solely upon ineffective-assistance claims which could more appropriately be addressed in a proceeding under 28 U.S.C. § 2255.

We further conclude that the district court did not abuse its discretion in denying Bennett's request for a hearing on his ineffective-assistance claims, because Bennett was not prejudiced by the denial of a hearing. Cf. United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980) (appellate court's failure to address incompetency of counsel on direct appeal does not prejudice defendant, who may raise constitutional ineffective-assistance claim in § 2255 motion, and in such proceeding offer evidence to supplement record).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____