United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-1038

_____

United States of America,          *

                              *

          Appellee,       *

                              *    Appeal from the United States

    v.                  *    District Court for the

                              *    Eastern District of Missouri.

Morris E. Jones,           *

                              *

          Appellant.      *

_____

Submitted:  June 10, 1997

Filed:  July 31, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

_____

WOLLMAN, Circuit Judge.

Morris Jones appeals from the sentence entered by the district court[1] following Jones's plea of guilty to one count of possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  We affirm.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

## I.

On March 8, 1996, St. Louis police obtained and executed a search warrant for the residence at which Jones was staying. Officers discovered 9.81 grams of cocaine base, a digital scale, and Jones's driver's license inside a black leather jacket in a hall closet. A loaded .38 caliber semi-automatic pistol was also found in the closet. A search of Jones's vehicle produced an additional 5.52 grams of cocaine base. Jones was arrested for possession of a controlled substance and unlawful use of a weapon.

On April 29, 1996, St. Louis police observed Jones driving at a high rate of speed and pursued him. After Jones abandoned his car, the officers continued to pursue him on foot and witnessed Jones remove and discard a black leather jacket, which was recovered and found to contain 7.27 grams of cocaine base.

A federal grand jury indicted Jones on three counts: count I charged Jones with being a felon in possession of a firearm; count II charged that on March 8, 1996, Jones possessed 15.33 grams of cocaine base with the intent to distribute; and count III charged that on April 29, 1996, Jones possessed 7.27 grams of cocaine base with the intent to distribute. Pursuant to a plea agreement, Jones plead guilty to count II, and the other two counts were dismissed.

The presentence investigation report (PSR) calculated Jones's base offense level to be twenty-eight, based upon the combined amounts of cocaine base specified in counts I and II. The PSR recommended that Jones receive a two-level increase for possession of a firearm, the basis for count III, and a three-level decrease for acceptance of responsibility. Jones failed to either file timely objections to the PSR or to move for an extension of time in which to file objections.

On the day of sentencing, Jones's attorney filed written objections to the PSR, arguing that Jones's sentence should be based only on the conduct specified in count

II.  Jones's attorney explained that the objections were filed late because she had been in trial out of state and that although Jones had been making an effort to contact her regarding the PSR, she had not had a chance to talk with him until the week prior to sentencing.  The district court refused to consider the untimely objections, adopted the factual statements contained in the PSR as its findings of fact, and sentenced Jones to 140 months' imprisonment based on the conduct specified in all three counts.

## II.

Jones's sole argument on appeal is that trial counsel's failure to file timely objections to the PSR constituted ineffective assistance.  Save for those exceptional cases in which the result of not considering the claim would be a "'plain miscarriage of justice or inconsistent with substantial justice,'" United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (citation omitted), a claim of ineffective assistance is usually not cognizable on direct appeal "because facts outside the record generally need to be developed to resolve the claim."  United States v. Hawkins, 78 F.3d 348, 351 (8th Cir.), cert. denied, 117 S. Ct. 126 (1996).

Jones argues that the record establishes his ineffective assistance claim because it discloses that objections were available to his counsel and sets forth the reasons for counsel's failure to timely file those objections.  In United States v. Logan, 49 F.3d 352 (8th Cir. 1995), the appellant made a similar argument, contending that his ineffective assistance claim could be decided on the face of the record and that no additional findings needed to be made.  We rejected this argument, stating, "'(1) it would be inappropriate for us to examine the merits of the claim if the trial court has not done so and (2) our failure to address the incompetency of counsel issue will not prejudice the appellant.'"  Id. at 361 (quoting United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)).

Similarly, the district court in this case did not consider Jones's ineffective assistance claim. Consequently, it is not possible to determine whether trial counsel's failure to file a timely objection amounted to ineffective assistance, for the record does not reflect whether counsel's representation fell below an objective standard of reasonableness or whether Jones was prejudiced by her performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Indeed, Jones concedes that on the record before us he cannot show that he is entitled to a shorter sentence or that the sentence imposed was improperly computed. Because Jones is free to file a motion for relief under 28 U.S.C. § 2255, our refusal to consider this claim on direct appeal will not result in any injustice to him.

The sentence is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.