# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3019

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Antonio Brown, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 14, 1999
Filed: July 1, 1999

_____

Before WOLLMAN,[1] FLOYD R. GIBSON, Circuit Judges, and TUNHEIM,[2] District Judge.

_____

FLOYD R. GIBSON, Circuit Judge.

Antonio Brown was convicted of one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846 (1994).

_____

[1]The Honorable Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

The district court[3] sentenced Brown to 360 months imprisonment, five years of supervised release, and $100 in special assessments. Brown contends (1) that the district court erred in permitting the testimony of several alleged co-conspirators because these witnesses had cooperation agreements with the government that violated 18 U.S.C. § 201(c)(2) (1994); (2) that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence establishing a conspiracy to distribute cocaine base to support a guilty verdict; and (3) that his trial counsel was ineffective because counsel failed to object to the testimony of the alleged co-conspirators and also failed to elicit testimony regarding the weapon allegedly used in the conspiracy. For the reasons set forth below, we affirm.

## I.    BACKGROUND

To address the issues raised in this appeal, we need only provide a brief summary of the case's factual and procedural background. We will discuss more specific facts as relevant during our analysis.

On July 22, 1997, Brown was charged in a one count indictment with conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. Brown pleaded not guilty to this charge on August 5, 1997. A jury trial was held on February 2, 1998. During the trial, the district court admitted testimony of alleged co-conspirators Bridgette Mann, Yosha Brown, Loma Berens, Conrad Jasper, and Tony Rutherford. Each of these witnesses had entered into cooperation agreements with the government in exchange for their testimony. At trial, Brown's counsel did not object to the admission of the testimony of these alleged co-conspirators. At the end of the government's evidence, Brown moved for judgment of acquittal, alleging that the evidence at trial was insufficient to prove that Brown was

---

[3]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

involved in a conspiracy to distribute cocaine base.  The district court overruled this motion.  After the two-day trial, the jury found Brown guilty of conspiracy to distribute fifty grams or more of cocaine base.  The district court determined that Brown's base offense level was 41, which included a two point enhancement under U.S.S.G. §2D1.1(b)(1) because a weapon was allegedly used during one of the offenses. Accordingly, the district court sentenced Brown to 360 months imprisonment, five years of supervised release, and $100 in special assessments.  Brown appeals.

## II.    DISCUSSION

### A.    Cooperating Witnesses' Testimony

Brown argues that the testimony of the government witnesses, who testified pursuant to cooperation agreements, should have been suppressed because this testimony was obtained in violation of 18 U.S.C. § 201(c)(2).  Brown's trial counsel did not move to suppress the entirety of these witnesses' testimony; therefore, we review the admission of the testimony for plain error.  See Fed. R. Crim. P. 52(b);  United States v. Millard, 139 F.3d 1200, 1203 (8th Cir.), cert. denied, 119 S. Ct. 376 (1998).

Section 201(c)(2) is a criminal statute and makes it illegal for "whoever" to give anything of value to another for testimony under oath at trial.  Brown argues that section 201(c)(2) applies to cooperation agreements made by prosecutors.  See United States v. Singleton, 144 F.3d 1343, 1343 (10th Cir. 1998), rev'd en banc, United States v Singleton, 165 F.3d 1297, 1298, 1302 (10th Cir. 1999), cert. denied, 1999 WL 185874, at *1 (June 21, 1999).  However, we recently  rejected this same argument in United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir. 1999).  Section 201(c)(2) "does not sweep so broadly as to prevent prosecutors from offering leniency to an individual in exchange for truthful testimony."  Id.  We have previously recognized that such plea agreements are not unlawful.  See United States v. Irons, 53 F.3d 947, 948-49 (8th Cir. 1995) ("[I]t is not unlawful for the Government to promise favors in return

for truthful testimony."); <u>United States v. Garcia</u>, 785 F.2d 214, 221 (8th Cir. 1986) (same).  Accordingly, we conclude that the district court did not plainly err, in the present case, in allowing the testimony of the witnesses who had cooperation agreements with the government.

### B. <u>Sufficiency of the Evidence</u>

Brown next argues that the district court erred in overruling his motion for judgment of acquittal.  Brown claims the government failed to prove that he was involved in a conspiracy to distribute cocaine base; therefore, the evidence was insufficient to support his conviction.  In particular, Brown contends that, at most, the evidence at trial showed a buyer-seller relationship between Brown and the other alleged co-conspirators.  <u>See</u> <u>United States v. West</u>, 15 F.3d 119, 121 (8th Cir. 1994) (circumstances in case supported only a finding that defendant participated in a series of sales).

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and give the government the benefit of all reasonable inferences.  <u>See</u> <u>United States v. Santana</u>, 150 F.3d 860, 864 (8th Cir. 1998).  We will reverse "only if a reasonable jury must have had a reasonable doubt that the elements of the crime were established."  <u>Id.</u> (internal quotations and citations omitted).

To sustain Brown's conviction for conspiracy to distribute cocaine base, the evidence must establish that a conspiracy existed to distribute cocaine base, and that Brown knew of and intentionally joined the conspiracy.  <u>See</u> <u>United States v. Eastman</u>, 149 F.3d 802, 804 (8th Cir. 1998).  In the instant case, we find that the evidence, in particular the testimony of the other conspirators, was sufficient to prove that Brown was an active and knowing participant in the conspiracy.

The evidence reasonably showed that Brown, Mann, and others were involved in an agreement to obtain cocaine from sources in Kansas City, Missouri and Omaha, Nebraska for resale in Lincoln, Nebraska. Under this agreement, Mann usually carried the cocaine on her person and would make the deliveries to those persons with whom Brown did not have a friendship. Mann obtained the payment from these customers and returned that money to Brown. In return, Mann received cocaine base for her own use and sale as well as assistance from Brown with her living expenses. Yosha Brown corroborated Mann's testimony to the extent that Yosha was aware that Brown and Mann were making trips to Kansas City and Omaha to buy cocaine base and that Mann sold cocaine base to Lee Wallace for Brown. Berens testified that her boyfriend, "Keecee" Washington, made a couple of trips with Mann to buy cocaine base from Brown. Similarly, Jasper testified that he purchased cocaine base from Brown. Finally, Rutherford related an incident where Brown and four associates robbed him of cocaine base and cash. Rutherford testified that Brown was armed with a sawed-off shotgun during the robbery. Accordingly, after examining this evidence in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences, we cannot say that the jury must have entertained a reasonable doubt as to Brown's guilt on the conspiracy to distribute cocaine base charge.

### C. Ineffective Assistance of Counsel

Finally, Brown claims that his trial counsel rendered ineffective assistance by (1) failing to object to the testimony of government witnesses who testified under cooperation agreements; (2) failing to object to the testimony of the government witnesses as hearsay; and (3) failing to submit evidence on the gun enhancement issue at the time of sentencing. Brown did not raise the issue of ineffective assistance of counsel to the district court; thus, the district court did not develop a record on this issue upon which we could make such a determination on direct appeal.

In general, "an ineffective assistance of counsel claim is not cognizable on direct appeal. Instead, such a claim is properly raised in a 28 U.S.C. § 2255 action." <u>Millard</u>, 139 F.3d at 1209-10 (internal quotations and citations omitted). We will consider an ineffective assistance of counsel claim on direct appeal only in exceptional cases where the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice. <u>See</u> <u>Santana</u>, 150 F.3d at 863. Because this is not such a case, we decline to address the ineffective assistance claim in this proceeding.

## III. CONCLUSION

For the reasons stated above, we affirm Brown's conviction for conspiracy to distribute cocaine base and the sentence imposed.

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-