# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3404

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Jose T. Hernandez, Jr., | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

———————

Submitted: April 20, 1999
Filed: August 11, 1999

———————

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.

———————

HANSEN, Circuit Judge.

Jose T. Hernandez, Jr., pleaded guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)(1994). The district court[2] sentenced Hernandez to 40 months in prison pursuant to the United States Sentencing Guidelines. The government appeals Hernandez's sentence. We affirm.

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

On October 5, 1997, the Arkansas State Highway Patrol conducted a commercial vehicle safety inspection stop on an interstate highway near Hope, Arkansas. During the safety inspection, the police searched a semi-truck driven by Hernandez and discovered approximately 300 pounds of marijuana stashed inside a false compartment in the trailer. The police also found an unloaded 12-gauge shotgun under a mattress in the sleeping compartment of the truck's cab, as well as two rounds of ammunition stored inside a pillow.

Hernandez later admitted that a person offered him $10,000 to transport the marijuana from El Paso, Texas, to the Arkansas/Missouri state line. Based upon the amount of marijuana discovered in the truck, Hernandez faced a mandatory minimum sentence of 60 months in prison. See 21 U.S.C. §§ 841(b)(1)(A)(vii), 841(b)(1)(B)(vii). The Sentencing Guidelines, however, contain a "safety valve" provision that allows a court to sentence a defendant to a term of imprisonment less than the mandatory minimum if the sentencing court finds that:

(1)    the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)    the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another person to do so) in connection with the offense;

(3)    the offense did not result in death or serious bodily injury to any person;

(4)    the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S. Sentencing Guidelines Manual § 5C1.2 (1997); see also 18 U.S.C. § 3553(f).

At Hernandez's sentencing hearing, the government argued that Hernandez was not entitled to the safety valve exception because he possessed a shotgun in connection with a drug offense.[3] The government also asked the district court to apply a two-level enhancement based upon the firearm's supposed connection to the drug crime. See USSG § 2D1.1(b)(1). After hearing the defendant's testimony and arguments from both parties, the district court found that the government failed to prove that the gun discovered in Hernandez's truck was connected to his criminal activity. In accordance with its findings, the district court declined to apply the two-level enhancement. The district court also applied the safety valve provision of the Sentencing Guidelines and sentenced Hernandez to 40 months in prison. The government challenges the district court's factual findings regarding the firearm. Specifically, the government contends that the district court erred when it found Hernandez eligible for the safety valve provision and when it declined to apply the two-level enhancement pursuant to USSG § 2D1.1(b)(1). We review a district court's factual findings for clear error, and we accord due deference to a district court's application of the Sentencing Guidelines to the facts. See United States v. Akbani, 151 F.3d 774, 777 (8th Cir. 1998).

---

[3]Aside from the firearm issue, the government does not dispute Hernandez's qualifications for the safety valve exception.

Proving that a defendant should receive a two-level enhancement for possession of a weapon in connection with a drug trafficking offense requires the government to show by a preponderance of the evidence that the defendant possessed a dangerous weapon and that it was not clearly improbable that the weapon had a connection to the criminal activity. See United States v. Rogers, 150 F.3d 851, 857 (8th Cir. 1998), cert. denied, 119 S. Ct. 888 (1999). The government must make a similar showing in order to defeat a defendant's claim of entitlement to the safety valve provision. See United States v. Burke, 91 F.3d 1052, 1053 (8th Cir. 1996).

It is undisputed that Hernandez possessed a dangerous weapon when the police stopped his vehicle. The question is whether the trier of fact could find that it is "clearly improbable that the weapon[] [was] connected with the [drug trafficking] offense." See United States v. North, 900 F.2d 131, 134 (8th Cir. 1990). The police discovered the marijuana in the trailer and the unloaded shotgun in the truck's sleeping compartment. Hernandez testified that he purchased the shotgun long before he received an offer to transport the marijuana and that he never intended to use the gun to protect his cargo of marijuana. Hernandez asserted that he purchased the gun only to protect himself during overnight truck driving trips following an attempted break-in of his sleeping compartment while he was asleep. While his original motive for purchasing the gun may not have been the reason he possessed it while transporting the marijuana, the government did not present any evidence to discredit Hernandez's assertions, and the district court specifically found his testimony credible. It is well-established that questions of witness credibility are committed squarely to the domain of the sentencing court, see United States v. Peck, 161 F.3d 1171, 1174 (8th Cir. 1998), and that a district court's credibility assessments are virtually unreviewable on appeal. See United States v. Phelps, 168 F.3d 1048, 1057 (8th Cir. 1999); see also Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985). While we cannot say that we would have found the facts the same way the district court did were we the trier of fact, we also cannot say that the district court clearly erred in concluding that

the shotgun was unconnected to the drug trafficking offense. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.