# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2850

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the District
     *    of Nebraska.
Donald W. Huntington,      *
     *         [UNPUBLISHED]
        Appellant.      *

_____

Submitted:  May 30, 2000
Filed:   June 2, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Donald W. Huntington appeals the sentence imposed by the district court[1] after he pleaded guilty to possessing a machinegun, in violation of 18 U.S.C. § 922(o). Although Huntington admitted to investigators that he had smoked marijuana daily for several years and had last smoked it on the evening before his arrest, he argues the court erred in finding he was a "prohibited person" for the purposes of the Guideline setting the base offense level for his offense, because there was no evidence he was addicted to a controlled substance. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (1998) (requiring base offense level of 20 where offense involves firearm described in 26 U.S.C. § 5845(a) and defendant is "prohibited person"); U.S.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Sentencing Guidelines Manual § 2K2.1, comment. (n.6) (1998) (prohibited person is, inter alia, "unlawful user of, or . . . addicted to, any controlled substance"). He also argues that, because he was not a prohibited person, his possession of certain firearms not referenced in the indictment, which had subjected him to a sentencing enhancement, was lawful. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(E) (1998) (5-level enhancement for offense involving 25-49 firearms).

Having reviewed the district court's factual findings for clear error, and according due deference to its application of the Guidelines to the facts, we conclude the court did not err. See United States v. Hernandez, 187 F.3d 806, 808 (8th Cir. 1999) (standard of review). Huntington provides no support for his argument that we should read the plain language of Application Note 6--defining "prohibited person" as an "unlawful user of, or . . . addicted to, any controlled substance"--conjunctively rather than disjunctively. See U.S. Sentencing Guidelines Manual § 1B1.7 (1998) (failure to follow accompanying commentary could constitute incorrect application of Guidelines, subjecting sentence to reversal on appeal); Stinson v. United States, 508 U.S. 36, 38 (1993) (Guidelines commentary that interprets or explains particular Guideline is authoritative unless it violates Constitution or federal statute, or is inconsistent with or is plainly erroneous reading of, that Guideline); cf. United States v. Jarman, 144 F.3d 912, 913-14 (6th Cir. 1998) (noting defendant was designated "prohibited person" where he admitted to presentence investigator that he used marijuana, cocaine, and methamphetamine for several years preceding search of his residence; and holding his admissions were not protected).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS EIGHTH CIRCUIT.