215 F.Supp.2d 1020 (2000)
Henrietta FURNISH, Movant,
v.
UNITED STATES of America, Respondent.
No. 4:98CV147 JCH.
United States District Court, E.D. Missouri, Eastern Division.
September 25, 2000.
*1021 Henrietta Furnish, Fort Worth, TX, pro se.
BarbaraAnn C. Fears, St. Louis, MO, for Movant.
*1022 John J. Ware, Office of U.S. Attorney, St. Louis, MO, for Respondent.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter arises on Movant Henrietta Furnish's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed January 26, 1998. (Doc. No. 1). Respondent filed its response on March 9, 1998. (Doc. No. 6). Movant then filed an additional claim on August 31, 1998, to which Respondent replied on December 27, 1999. (Doc. Nos. 10, 14).

BACKGROUND
Movant was indicted, along with nine others, on one count of conspiracy to distribute, and to possess with the intent to distribute, more than one kilogram each of methamphetamine and heroin. United States v. Bryson, 110 F.3d 575, 578 (8th Cir.1997). Following a seven-day trial in 1995, a jury found Movant guilty. Id. On January 25, 1996, this Court sentenced Movant to 300 months imprisonment. (§ 2255 Motion, P. 2). Movant's conviction was affirmed on appeal. United States v. Bryson, 110 F.3d at 585-86.
In her initial § 2255 motion, filed January 26, 1998, Movant raises the following claim for relief:
(1) That she received ineffective assistance of appellate counsel when counsel, acting under a conflict of interest[1], failed to raise the following claims on appeal:
(A) That the quantity of drugs attributed to Movant was incorrect;
(B) That the four point enhancement Movant received for playing a leadership role in the offense was applied erroneously;
(C) That the two point enhancement Movant received for possessing a firearm in connection with the offense was applied erroneously;
(D) That false witness testimony was used to convict Movant; and
(E) That Movant was sentenced incorrectly, as separate conspiracies existed to distribute methamphetamine and heroin, and Movant participated only in the methamphetamine conspiracy.
(§ 2255 Motion, attached PP. 2-6). On August 31, 1998, Movant was granted leave to file a supplement to her § 2255 motion, in which she added the following claim: (2) That her trial attorney's representation was deficient for failing to object to the testimony of witnesses who had plea agreements with the Government, on the ground that such agreements violated 18 U.S.C. § 201(c)(2). (Doc. No. 10).

DISCUSSION
Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a `fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (quoting Hill v. United States, 368 U.S. *1023 424, 434 n. 10, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).[2]
The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir.1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "`when the facts alleged, if true, would entitle [movant] to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir.1986)). The Court may dismiss a claim "`without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

A. Claims Decided on Direct Appeal

It is well-settled that "[c]laims which were raised and decided on direct appeal cannot be relitigated on motion to vacate pursuant to 28 U.S.C. § 2255."[3]Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992).[4]See also, United States v. Sanders, 723 F.2d 34 (8th Cir.1983); United States v. Shabazz, 657 F.2d 189 (1981) (precluding § 2255 review even though petitioner filed a pro se brief on direct appeal); Wesley v. United States, 927 F.Supp. 1245, 1248 (E.D.Mo.1996); Shaw v. United States, 812 F.Supp. 154, 157 (D.S.D.1993). Courts recognize an exception to this rule, however, where there has been "an intervening change in the applicable law." Sanders, 723 F.2d at 36 (citing United States v. Little, 608 F.2d 296, 301 (8th Cir.1979)).
In Ground 1(E) of her § 2255 motion, Movant alleges that she was denied effective assistance of counsel on appeal, as her attorney failed to assert that she was sentenced incorrectly due to the existence of separate conspiracies to distribute methamphetamine and heroin. (§ 2255 Motion, attached P. 5). Movant's attorney raised this issue on direct appeal, however, and the Eighth Circuit Court of Appeals rejected the claim. United States v. Bryson, 110 F.3d at 585-86. Movant points to no intervening change in the law since the Eighth Circuit decision, and so Ground 1(E) must be denied. See Dall, 957 F.2d at 572; Sanders, 723 F.2d at 36.

B. Ineffective Assistance of Counsel Claims

If a claim could have been raised on direct appeal, but was not, it cannot be raised in a § 2255 motion unless Movant can show both (1) a "cause" that excuses *1024 the default, and (2) "actual prejudice" resulting from the errors of which she complains. See United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir.1997). If Movant is unable to show "cause" and "actual prejudice," she must make a "substantial claim that constitutional error has caused the conviction of an innocent person...." Schlup v. Delo, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).
Although Movant's claims of ineffective assistance of trial counsel, Ground 2, and ineffective assistance of appellate counsel, Ground 1(A)-(D), were not raised on direct appeal, they are not subject to procedural default because they could not have been raised on direct appeal. An ineffective assistance of trial counsel claim "is usually not cognizable on direct appeal `because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir.1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir.1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir.1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir.1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals.... Here, however, since the record was fully developed at a post-trial hearing, we will consider the argument."); United States v. Long, 857 F.2d 436, 448 (8th Cir.1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed."). Because this Court did not examine Movant's ineffective assistance of trial counsel claim in any trial or post-trial proceeding, the claim was not cognizable on direct appeal. Movant's ineffective assistance of trial counsel claim thus is not procedurally barred, and may be decided by the Court in this § 2255 motion. Furthermore, with respect to Movant's ineffective assistance of appellate counsel claims, they could not have been raised on direct appeal because the facts upon which such claims are based were still accruing.

1. Ineffective Assistance of Trial Counsel

In Ground 2 of her § 2255 motion, Movant claims that she was denied effective assistance of trial counsel. (Doc. No. 10). In order to prevail on an ineffective assistance of counsel claim, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S.Ct. 2052. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.
Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 694, 104 S.Ct. 2052. To do so, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. The Court is not required to "address both components *1025 of the inquiry if [Movant] makes an insufficient showing on one [component]." Id. at 697, 104 S.Ct. 2052.
As stated above, in Ground 2 of her § 2255 motion Movant alleges that her trial attorney was deficient for failing to object to the testimony of witnesses who had plea agreements with the Government, on the ground that such agreements violated 18 U.S.C. § 201(c)(2). (Doc. No. 10). "Section 201(c)(2) is a criminal statute and makes it illegal for `whoever' to give anything of value to another for testimony under oath at trial." United States v. Brown, 183 F.3d 740, 742 (8th Cir.1999). Movant argues that § 201(c)(2) applies to cooperation agreements made by federal prosecutors. (Doc. No. 10, PP. 2-3).
The Eighth Circuit recently rejected Movant's argument, as follows:
We agree that the statute [18 U.S.C. § 201(c)(2)] does not sweep so broadly as to prevent prosecutors from offering leniency to an individual in exchange for truthful testimony. We have previously recognized that such plea agreements are not unlawful. United States v. Garcia, 785 F.2d 214, 221 (8th Cir.1986) ("a plea agreement that grants favors to a prosecution witness in return for truthful testimony about the defendant is not unlawful").
United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir.), cert. denied, 528 U.S. 857, 120 S.Ct. 143, 145 L.Ed.2d 121 (1999). Movant's trial counsel thus cannot be held deficient for failing to raise a claim that would have been rejected, and so Ground 2 of Movant's § 2255 motion will be denied.

2. Ineffective Assistance of Appellate Counsel

Movant was entitled to effective assistance of counsel on appeal because it was her "first appeal as of right."[5]Reese v. Frey, 801 F.2d 348, 351 (8th Cir.1986). The two-part Strickland analysis applies whether the ineffective assistance of counsel claim relates to trial counsel or appellate counsel. See e.g., Beavers v. Lockhart, 755 F.2d 657, 661 (8th Cir.1985). In the context of ineffective assistance on appeal, a movant makes a sufficient showing of prejudice if an omitted issue had "arguable merit" and if there is a "reasonable probability that [her] direct appeal would have been successful had the issue been submitted." Reese, 801 F.2d at 351.

a. Attributable Drug Quantity

In Ground 1(A) of her § 2255 motion, Movant claims that she was denied effective assistance of counsel on appeal, as her attorney failed to assert that the quantity of drugs attributed to Movant was incorrect. (§ 2255 Motion, attached PP. 2-3). Movant contends that because co-Defendants who challenged the attributable drug quantity on appeal had their cases remanded for resentencing, Movant's counsel should have raised this issue on appeal as well. Id.
Upon consideration, the Court finds it unnecessary to address the performance component of Strickland, as Movant fails to demonstrate sufficient prejudice; in other words, any attack on Movant's assessed drug quantities at the appellate level would have been futile. During Movant's sentencing proceeding, the Court received testimony from St. *1026 Louis County DEA Task Force Detective Michael Busalaki. Detective Busalaki testified that Ms. Linda Bryson informed him that Movant had recently sent her a one pound package of methamphetamine, and directed him to the location of the drugs. (Sentencing Transcript, attached to Doc. No. 16, P. 12; United States v. Bryson, 110 F.3d at 581). Detective Busalaki further testified as to Ms. Bryson's assertion that she received one and two pound quantities of methamphetamine from Movant, and that he and others had verified a number of these deliveries with UPS and Federal Express records. (Sentencing Transcript, P. 14). Finally, Detective Busalaki testified as to Ms. Bryson's contention that she made at least five trips to California in person, and received at least one pound of methamphetamine from Movant each time. (Sentencing Transcript, PP. 14-15). This Court found Detective Busalaki's testimony to be credible, and thus established Movant's attributable drug quantity as between three and ten kilograms of methamphetamine and/or heroin.
A district court's determination of drug quantity attributable to a defendant will not be reversed on appeal unless it is clearly erroneous. United States v. Williams, 77 F.3d 1098, 1100 (8th Cir.) (citation omitted), cert. denied, 519 U.S. 967, 117 S.Ct. 392, 136 L.Ed.2d 308 (1996). Further, the Government need only establish drug quantities by a preponderance of the evidence. United States v. Jackson, 67 F.3d 1359, 1368 (8th Cir.1995) (citations omitted), cert. denied, 517 U.S. 1192, 116 S.Ct. 1684, 134 L.Ed.2d 785 (1996). In the instant case, Movant offers no evidence that this Court's reliance on Detective Busalaki's testimony was clearly erroneous[6], and thus fails to demonstrate a "reasonable probability that [her] direct appeal would have been successful had the issue been submitted." Reese, 801 F.2d at 351.[7] Movant's counsel therefore cannot be held ineffective for failing to raise the issue on appeal, and so Ground 1(A) of Movant's § 2255 motion must be denied.

b. Enhancement for Leadership Role

In Ground 1(B) of her § 2255 motion, Movant claims that she was denied effective assistance of counsel on appeal, as her attorney failed to assert that the four point enhancement Movant received for playing a leadership role in the offense was applied erroneously. (§ 2255 Motion, attached PP. 3-4). Movant contends that because her co-Defendant husband challenged the enhancement on appeal and had his case remanded for resentencing, Movant's counsel should have raised the issue on appeal with respect to Movant as well. Id.
Upon consideration, the Court finds it unnecessary to address the performance component of Strickland, as Movant fails to demonstrate sufficient prejudice; *1027 in other words, any attack on the enhancement based on Movant's leadership role in the offense would have been futile. "[I]n determining whether this adjustment (for leadership role) is appropriate, a trial court should consider how much decision-making authority the defendant had, the nature of the defendant's participation in the crime, whether the defendant recruited accomplices, the defendant's assertion of a right to greater profits from the crime, the defendant's degree of participation in planning or organizing the offense, the nature and scope of the crime, and the degree of the defendant's control and authority over others." United States v. Bryson, 110 F.3d at 586, citing U.S.S.G. § 3B1.1, application note 4. The testimony both at trial and during sentencing revealed that Movant was the source of methamphetamine supply for several other members of the conspiracy. United States v. Bryson, 110 F.3d at 581, 584; Sentencing Transcript, PP. 12-15.[8] Movant thus removed herself from final destination sales, instead limiting her participation to the distribution of large quantities of drugs to middlemen. Id. Movant further received orders for methamphetamine from middlemen, possessed and utilized scales, and mailed packages of methamphetamine to others involved in the conspiracy. United States v. Bryson, 110 F.3d at 581, 584, 585. Finally, as a result of her distribution of large quantities of methamphetamine, Movant necessarily received a greater portion of the profits from the conspiracy. Under these circumstances, Movant has failed to demonstrate a "reasonable probability that [her] direct appeal would have been successful had the issue been submitted," Reese, 801 F.2d at 351, and so her counsel cannot be held ineffective for failing to raise the issue on appeal.[9] Ground 1(B) of Movant's § 2255 motion will therefore be denied.

c. Enhancement for Possession of a Firearm[10]
In Ground 1(C) of her § 2255 motion, Movant claims that she was denied effective assistance of counsel on appeal, as her attorney failed to assert that the two point enhancement Movant received for possessing a firearm in connection with the offense was applied erroneously. (§ 2255 Motion, attached P. 4). The enhancement for possession of a firearm is appropriate "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 2D1.1(b)(1), application note 3; see also United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir.1996) ("The crucial inquiry is whether `it is not clearly improbable that the weapon had a nexus with the criminal activity'") (citing United States v. Richmond, 37 F.3d 418, 419 (8th Cir.1994), cert. denied, 513 U.S. 1178, 115 S.Ct. 1163, 130 L.Ed.2d 1119 (1995)), cert. denied, 520 U.S. 1121, 117 S.Ct. 1258, 137 L.Ed.2d 337 (1997). Further, the Eighth Circuit reviews the district court's fact determinations *1028 on this issue only for clear error. Id. (citation omitted).
In the instant case, law enforcement officers found a loaded pistol and extra bullets in the master bedroom of the Furnishes' home, together with a note from Mr. Furnish that he had "loaded and cocked the weapon (presumably to protect the meth-amphetamine-associated manufacturing apparatus found in the attic above the closet in that bedroom)." United States v. Bryson, 110 F.3d at 585. In light of this discovery, this Court's determination that the weapon "had a nexus with the criminal activity" was not clearly erroneous. United States v. Tauil-Hernandez, 88 F.3d at 580 (citation omitted). Movant thus fails to demonstrate a "reasonable probability that [her] direct appeal would have been successful had the issue been submitted," Reese, 801 F.2d at 351, and so again her counsel cannot be held ineffective for failing to raise the issue on appeal. Ground 1(C) of Movant's § 2255 motion will therefore be denied.

d. False Witness Testimony

In Ground 1(D) of her § 2255 Motion, Movant claims that she was denied effective assistance of counsel on appeal, as her attorney failed to assert that false witness testimony was used to obtain her conviction. (§ 2255 Motion, attached PP. 4-5). Movant bases this assertion on an attached affidavit from Linda Sue Bryson, in which Ms. Bryson maintains that the Information in the statement she signed implicating Movant was false. (§ 2255 Motion, attachment).
Even assuming the assertions in Ms. Bryson's affidavit to be true, Movant's appellate attorney cannot be held ineffective for failing to raise the issue on appeal. The Eighth Circuit rendered its opinion on Movant's appeal on April 7, 1997. United States v. Bryson, 110 F.3d 575 (8th Cir. 1997). Ms. Bryson did not execute her affidavit until November 12, 1997, however, seven months after the ruling on Movant's appeal, and Movant does not claim that she informed her attorney of the existence of this information before he prepared her brief on appeal. Movant thus fails to demonstrate that her attorney's representation was deficient for failing to raise the omitted claim, Strickland, 466 U.S. at 687, 104 S.Ct. 2052, and so her fourth claim of ineffective assistance of appellate counsel must fail.[11] Ground 1(D) is denied.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1) is DENIED. An Order of Dismissal will accompany this Memorandum and Order.
IT IS FURTHER ORDERED that Movant is granted a certificate of appealability as to Grounds 1(A), 1(B) and 1(D) (as above described) of her Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. A Certificate of Appealability will accompany this Order.
IT IS FURTHER ORDERED that Movant is denied a certificate of appealability *1029 as to the remaining claims of her § 2255 Motion.
NOTES
[1] Movant maintains that her trial counsel acted under a conflict of interest because he simultaneously represented both Movant and her co-Defendant husband. (§ 2255 Motion, attached PP. 1-2). Movant signed a waiver with respect to this alleged conflict of interest, however. (§ 2255 Motion, attached P. 1).
[2] "[A]t least where mere statutory violations are at issue, `§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 354, 114 S.Ct. 2291 (quoting Davis v. United States, 417 U.S. 333, 344, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)).
[3] Indeed, a movant cannot raise "the same issues in a § 2255 petition that have been decided ... in a new trial motion." United States v. Kraemer, 810 F.2d 173, 177 (8th Cir.1987).
[4] Declining to review issues in a § 2255 motion that were already adjudicated on direct appeal is consistent with the Supreme Court's statement that "where the trial or appellate court has a `say' on a federal prisoner's claim, it may be open to the § 2255 court to determine that ... `the prisoner is entitled to no relief.'" Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) (citations omitted) (quoted by Reed v. Farley, 512 U.S. 339, 362, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (Blackmun, J., dissenting)). See also, Withrow v. Williams, 507 U.S. 680, 721, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (Scalia, J., concurring in part and dissenting in part) ("Since Kaufman, federal courts have uniformly held that, absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal.") (citations omitted).
[5] "To require any less of counsel on appeal, ... would render the `promise of Douglas [v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)] that a criminal defendant has right to counsel on appeal a futile gesture.'" Beavers v. Lockhart, 755 F.2d 657, 661 (8th Cir.1985) (quoting Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)).
[6] In an attempt to demonstrate the error of relying on Detective Busalaki's testimony, Movant attaches an affidavit from Ms. Bryson, in which she maintains that her statements regarding Movant were false. (§ 2255 Motion, Attachment). This affidavit was not available at the time Movant's attorney submitted his brief on appeal, however, and thus cannot be used as a basis for finding his performance deficient.
[7] This Court finds Movant's case distinguishable from that of her co-Defendant, Mr. Rodrigo Rodriguez. With respect to Mr. Rodriguez, the Eighth Circuit found that even assuming the district court was correct in crediting the testimony of co-Defendant Avila linking Mr. Rodriguez to drug quantities, the amount at issue was still far lower than the three to ten kilograms eventually attributed to him. United States v. Rodriguez, 112 F.3d 374, 376-7 (8th Cir.1997). By way of contrast, in the instant case Detective Busalaki's testimony linked Movant to far more than three kilograms of methamphetamine.
[8] As noted above, although Movant submits an affidavit from Ms Bryson in which the latter recants her testimony regarding Movant, such information was not available when Movant's attorney submitted his brief on appeal, and thus cannot be used as a basis for finding his performance deficient.
[9] The Court finds Movant's attempted analogy to her husband's position on appeal and eventual remand to be unpersuasive, as Movant herself acknowledged that his participation in the scheme was extremely limited as compared to hers. (Sentencing Transcript, P. 26 ("And my husband is being brought into this only because he's married to me")).
[10] To the extent Movant presents this claim as a Bailey issue, her argument is misplaced, as Bailey addresses Title 18 U.S.C. § 924(c) convictions, not U.S.S.G. § 2D1.1(b)(1) enhancements. Bailey v. United States, 516 U.S. 137, 150, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).
[11] Movant's attorney did raise the issue of Ms. Bryson's credibility during the sentencing proceeding. (Sentencing Transcript, P. 18). The district court chose to credit Detective Busalaki's testimony, however, and Movant makes no showing that this ruling would have been reversed as clearly erroneous on appeal. Movant thus fails the prejudice prong of the Strickland analysis as well.