# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3117

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Steven E. Mick, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

Submitted: October 5, 2000
Filed: October 12, 2000

_____

Before  BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After a jury found Steven E. Mick guilty of conspiring to distribute or to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 145 months imprisonment and five years supervised release. He appeals his conviction and sentence, and we affirm.

Mick first argues the evidence was insufficient to support the jury's verdict because there was no physical evidence linked to him.  In reviewing the sufficiency of

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

the evidence underlying a guilty verdict, we view the evidence in the light most favorable to the government, accept all reasonable inferences supporting the verdict, and will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt on each essential element of the offense. See United States v. Robinson, 217 F.3d 560, 564 (8th Cir. 2000). We conclude the government presented sufficient evidence to prove that Mick was an active and knowing participant in a methamphetamine-trafficking conspiracy. The government's evidence shows that Mick sold and fronted methamphetamine to--and in turn purchased methamphetamine from--various persons who were working together to distribute methamphetamine and who knew Mick was selling methamphetamine; that he obtained methamphetamine from one of their sources, and obtained methamphetamine for them from his own source; and that at his request, one of the participants took him to meet two prospective buyers, one of whom purchased methamphetamine from him. See id. (conspiracy may be proved through circumstantial evidence; evidence showed agreement where co-conspirator introduced defendant to methamphetamine dealer and defendant--who had required amount of cash--asked to see methamphetamine); United States v. Brown, 183 F.3d 740, 743 (8th Cir. 1999) (evidence showed defendant and others were involved in agreement to obtain cocaine from in-state and out-of-state sources for resale in state).

Mick also argues the district court erred in denying him a minor-role reduction when he was not as large a supplier as some of the participants, and in applying a weapon enhancement when it was improbable that a gun was connected to the offense. We review the district court's factual findings for clear error and accord due deference to the court's application of the Guidelines to the facts. See United States v. Hernandez, 187 F.3d 806, 808 (8th Cir. 1999). We find no error in the district court's refusal to grant a minor-participant reduction. Mick sold methamphetamine out of his house, permitted others to sell methamphetamine there, arranged for trips in state and out of state to purchase methamphetamine, and sought additional buyers. See U.S.S.G. § 3B1.2(b), comment. (n.3) (definition of minor participant); United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000). We also see no error in the court's imposition of

the weapon enhancement: a participant testified that Mick pulled out a gun and threatened him when he was in Mick's truck to repay a debt that was in part for methamphetamine. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (adjustment should be applied if weapon was present, unless it is clearly improbable weapon had connection to criminal activity); United States v. Fairchild, 189 F.3d 769, 779 (8th Cir. 1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.